# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS HEALTH
AND WELFARE TRUST, *et al*.,

    Plaintiffs,

v.

B WITT CONCRETE CUTTING, INC., *et al*.,

    Defendants.

Case No. 2:08-CV-00667-RJJ

**ORDER**

    Before the Court is Defendant Merchants Bonding Company ("Merchants") Emergency Motion to Stay Writ of Execution (#59).

    Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, Trustees of the Southern Nevada Laborers Local 872 Training Trust (the "Trustees") filed a complaint for delinquent contributions against B Witt Concrete Cutting and William J. Witt. Merchants had issued two License Bonds to B Witt in the total amount of $40,000 (the "Bonds") in order for B Witt to obtain contractor's licenses from the State of Nevada. Trustees named Merchants in the suit and asserted a cause of action for Bond Relief based on the issuance of the Bonds (Case No. 09-02051). The Trustees were granted summary judgment and the case was appealed.

    While the appeal was pending, B Witt and the Trustees reached a settlement. Merchants represents that during the settlement negotiations, it was understood by its then counsel James T. Winkler and counsel for the Trustees that Merchants' liability, if any, was limited to the penal sums

of the Bonds issued on behalf of B Witt by Merchants.  Merchants now claims that Attorney Winkler executed the Stipulation for Entry of Judgment and the Amended Judgment on behalf of Merchants without informing Merchants that the Trustees were requiring B Witt and Merchants to stipulate to the entry of judgment against Merchants.  Merchants claims that Winkler never requested nor received authority to sign the Amended Judgment and was not acting as Merchants' authorized representative.

The Trustees now contend that B Witt was late in monthly payments and that they are entitled to judgment including liquidated damages and interest against all parties in the sum of $345,193.19. On August 30, 2011, the Clerk of the Court issued a Writ of Execution in favor of the Trustees and against Merchants in the amount of $345,193.19 (#55).

Merchants has submitted an Emergency Motion to Set Aside the Amended Judgment (#60), arguing that the stipulated Judgment was the result of fraud upon the Court by Attorney Winkler. The Court will not rule on the Motion to Set Aside the Amended Judgment without a hearing and briefing by the parties.  However, the Court finds that the stay requested by Merchants is warranted.

Accordingly, IT IS HEREBY ORDERED that the Emergency Motion to Stay Writ of Execution (#59) of Merchants is GRANTED.

IT IS FURTHER ORDERED that the Writ of Execution (#57) is STAYED.

IT IS FURTHER ORDERED that the Parties appear before the Court on Wednesday, September 21, 2011 at 9:00 AM in Courtroom 6D for a hearing on the Motion to Set Aside the Amended Judgment.

DATED this 13th day of September 2011.

_____
Kent J. Dawson
United States District Judge